| | |
|---|---|
| WO | **JWB** |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward James O'Brien,<br><br>          Plaintiff,<br><br>vs.<br><br>Phil Hanson, et al.,<br><br>          Defendants. | No. CV 06-3006-PCT-SMM (LOA)<br><br>**ORDER** |

Plaintiff Edward James O'Brien, who is confined in the Arizona Department of Corrections, Apache Unit in St. Johns, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis* (Doc. # 1). The Court will deny the Application to Proceed *In Forma Pauperis* and dismiss this action without prejudice.

**I.    Background**

Plaintiff filed this action pursuant to 42 U.S.C. § 1983, which permits a plaintiff to seek relief for federal constitutional violations by officials acting under color of state law. Plaintiff in part seeks damages for allegedly unconstitutional conduct in connection with prison disciplinary proceedings; however, Plaintiff also seeks review of those proceedings. The disciplinary proceedings resulted in an unspecified loss of good-time credits, which lengthened Plaintiff's sentence, and a sanction of more than $2,000 from his inmate trust account. Plaintiff alleges that ADC officials denied him due process by, among other things, refusing to consider witnesses or evidence refuting the disciplinary charges.

///

## II.     Application to Proceed *In Forma Pauperis* and Filing Fee

A court may authorize the commencement of a civil action without prepayment of fees by a person who submits an affidavit that includes a statement of all assets such prisoner possesses and that he is unable to pay such fees. 28 U.S.C. § 1915(a)(1). A prisoner commencing a civil action must nevertheless pay the full among of the filing fee and when such funds exist, the court must assess and collect such fees. 28 U.S.C. § 1915(b)(1). In this case, Plaintiff has used the court-approved form, but he has left blank the "Certificate of Correctional Official as to Status of Applicant's Trust Account" section. In light of this deficiency, the Court will deny Plaintiff's Application to Proceed *In Forma Pauperis*.

## III.    <u>Heck v. Humphrey</u> Bar

When success on a claim could potentially affect the duration of confinement, habeas corpus is the appropriate vehicle to seek relief; a civil rights action pursuant to § 1983 is not available unless and until the prisoner has obtained a "favorable termination" of the underlying disciplinary action. <u>Docken v. Chase</u>, 393 F.3d 1024, 1031 (9th Cir. 2004). That is, a civil rights claim under § 1983 *does not accrue* unless or until the prisoner has obtained a "favorable termination" of the underlying disciplinary action. <u>See</u> <u>Heck v. Humphrey</u>, 512 U.S. 477, 489 (1994). Under the "favorable termination" rule:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction of sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus . . .

<u>Heck</u>, 512 U.S. at 486-87. The "favorable termination" rule has been extended to prison disciplinary actions, when alleged due process defects, if established, would "necessarily imply the invalidity of the deprivation of [the prisoner's] good-time credits." <u>Edwards v. Balisok</u>, 520 U.S. 641, 646 (1997); <u>cf.</u> <u>Butterfield v. Bail</u>, 120 F.3d 1023 (9th Cir. 1997) (applying the "favorable termination rule" in challenge to parole revocation). Thus, where success in a prisoner's action would decrease the length of his sentence, a § 1983 claim is not

- 2 -

cognizable until the disciplinary conviction has been invalidated. That appears to be the case here. To prevail on his due process claim for damages under § 1983 would necessarily undermine the validity of his disciplinary proceedings. Therefore, Plaintiff must seek review of the disciplinary proceedings and obtain a "favorable termination" before he may seek damages pursuant to § 1983.

To challenge disciplinary proceedings, a prisoner may seek federal habeas relief pursuant to 28 U.S.C. § 2254, which is the "exclusive vehicle" for a state prisoner to seek relief from an administrative decision in federal court. See White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir. 2004). Before a federal court may grant habeas relief, however, a prisoner must first have exhausted remedies available in the state courts. See 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The federal court will not entertain a petition for writ of habeas corpus unless each and every issue has been exhausted. Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Olvera v. Guirbino, 371 F.3d 569, 572 (9th Cir. 2004) (district court may not consider a claim until petitioner has properly exhausted all available remedies). When seeking habeas relief, the burden is on the habeas petitioner to show that he has properly exhausted each claim. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981) (*per curiam*).

Plaintiff indicates that he has only challenged his disciplinary conviction in the prison's internal process and not in the state courts. To exhaust claims, however, a prisoner must give the state courts a "fair opportunity" to act on his claims. Castillo v. McFadden, 370 F.3d 882 (9th Cir. 2004). He must describe both the operative facts and the federal legal theory so that the state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim." Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003). A prisoner seeking to exhaust claims in state court before filing a federal habeas action should diligently pursue his available state remedies to avoid application of the one-year limitation period. See Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004) (applying § 2244(d) to a habeas petition challenging a disciplinary order).

1    Plaintiff appears to have an available remedy in state court to exhaust his claims
2 challenging the disciplinary proceedings prior to filing a federal habeas corpus petition.
3 Although Arizona's Administrative Review Act does *not* authorize state judicial review of
4 prison disciplinary proceedings, an inmate may seek such review by bringing a special action
5 in superior court. Rose v. Arizona Dep't of Corr., 804 P.2d 845, 847-50 (Ariz. Ct. App.
6 1991). If unsuccessful, the inmate must then appeal the superior court's ruling to the Arizona
7 Court of Appeals to exhaust his claims before seeking federal habeas relief. See Swoopes
8 v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* is **denied** (Doc. # 1).

(2) Plaintiff's Complaint is **dismissed** without prejudice.

(3) The Clerk of Court must enter judgment accordingly.

DATED this 27th day of December, 2006.

Stephen M. McNamee
United States District Judge